**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
(Northern Division)

| | |
|---|---|
| LUISA PEREZ | * |
| 907 Ingramtown Rd | |
| Georgetown, DE  19947, | * |
| | |
| and | * |
| | |
| ELVIN FRANCISCO GONZALEZ OSOVIO | * |
| P.O. 855 | |
| Selbyville, DE 19975, | * |
| | |
| Individually and on behalf of | * |
| all persons similarly situated, | |
| | * |
| Plaintiffs, | |
| | * |
| v. | Civil Action No.: _____ |
| | * |
| MOUNTAIRE FARMS, INC. | |
| a Delaware Corporation | * |
| 1050 Plaza West | |
| Little Rock, AR  72205 | * |
| Serve on: | |
| Corporation Trust, Inc. | * |
| 300 E. Lombard St. | |
| Baltimore, MD  21202-3219, | * |
| | |
| and | * |
| | |
| MOUNTAIRE FARMS OF | * |
| DELAWARE, INC. | |
| a Delaware Corporation | * |
| 1050 Plaza West | |
| Little Rock, AR  72205 | * |
| Serve on: | |
| Corporation Trust, Inc. | * |
| 300 E. Lombard St. | |
| Baltimore, MD  21202-3219, | * |
| | |
| Defendants. | * |

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

## COMPLAINT

Plaintiffs, by their undersigned attorneys, allege as follows:

### I.  INTRODUCTION

1.      Plaintiffs, who have been employed in Sussex County, Delaware by defendants Mountaire Farms, Inc. and Mountaire Farms of Delaware, Inc., bring this action – individually and on behalf of a class of Mountaire employees – for declaratory**,** injunctive and monetary relief for defendants' willful failure to pay them promised wages and "time and a half" for overtime wages and to provide full meal breaks – all as required by federal and/or state law.

2.      The action arises from defendants' violations of plaintiffs' rights under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and Delaware's Wage Payment and Collection law, 19 Del. Code §§ 1101 et seq.

3.      Other current and former employees of defendants are also entitled to recover unpaid overtime compensation for the reasons alleged in this complaint.  Pursuant to 28 U.S.C. § 216(b) and Fed. R. Civ. P. 23, the above-named plaintiffs are permitted to maintain this action "for and in behalf of . . . themselves and other employees similarly situated."

### II.  JURISDICTION

4.      This court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal-question jurisdiction); 29 U.S.C. § 216(b) (FLSA); and 28 U.S.C. § 1367 (supplemental jurisdiction).

### III.  PARTIES

5.      Plaintiff Luisa Perez, resides at 907 Ingramtown Rd., Georgetown, Delaware, and has been employed by defendants.

6.      Plaintiff Elvin Francisco Gonzalez Osovio, resides at P.O. 855, Selbyville Rd Selbyville, Delaware, and has been employed by defendants.

7.      Pursuant to 29 U.S.C. § 216(b), the above-named plaintiffs have consented in writing to being plaintiffs in this action.  Their consent forms are attached as Exhibit A to this Complaint.

8.      Defendants are Delaware corporations with places of business in Maryland and Delaware.  Defendants are enterprises engaged in interstate commerce within the meaning of the FLSA, and the employers of plaintiffs within the meaning of the FLSA and the Delaware Wage Payment and Collection law.

9.      Plaintiffs bring the state claims individually and on behalf of the class of  all persons similarly situated under Fed. R. Civ. P. 23.  The class consists of all former and current employees in Mountaire's chicken processing plants in Sussex County, Delaware.

10.     Plaintiffs meet the prerequisites of Fed. R. Civ. P. 23 (a): the members of the class are too numerous to practicably join, significant common questions of law and fact exist, the named plaintiffs pose representative issues, and they will fairly and adequately represent the class interests.

11.     Because defendants have acted on grounds generally applicable to the class, making declaratory and injunctive relief appropriate, plaintiffs also meet the prerequisites of Fed. R. Civ. P. 23(b)(2).

12.     Furthermore, because common class questions of law and fact predominate, class status is the superior method of handling this case. Fed. R. Civ. P. 23(b)(3).

## IV.  <u>STATEMENT OF FACTS</u>

13.     Plaintiffs have worked for defendants as chicken processors in their Sussex County factories.

14.     The nature of the work of plaintiffs and their class has been such that they frequently worked for defendants in excess of 40 hours per week.

15.     Defendants contracted with their employees to pay them on an hourly basis for each hour worked.  Defendants failed to abide by this contract and to pay their employees for each hour worked.

16.     Defendants have failed to pay plaintiffs for time donning and doffing their work clothes, for walking to and from their work stations, and for working during lunch break.

17.     Defendants contracted with their employees to pay them time and a half for weekly overtime hours.  Defendants failed to abide by this agreement and to fully compensate plaintiffs for overtime work.

18.     Furthermore, as defined by Section 207 of the FLSA, all hours worked by plaintiffs in excess of 40 hours per week are "overtime" hours, payable at a rate of one and one-half times the regular hourly rate.

19.     Defendants have failed to pay plaintiffs in full for overtime work, compensation to which they were entitled under federal and state law.

20.     Defendants have also engaged in a pattern and practice of wrongfully denying their employees the half hour per day lunch break that is required by state law.

## COUNT I

### FAIR LABOR STANDARDS ACT

21.     Plaintiffs repeat and incorporate by reference the allegations set forth above.

22.     Defendants violated the FLSA by knowingly failing to compensate plaintiffs at a rate of one and one-half times their regular hourly wage for hours worked in excess of 40 hours per week in violation of 29 U.S.C. § 207(a)(1).  Defendants' actions were willful.

23.     Defendants are liable to plaintiffs and their class members, under 29 U.S.C. § 216(b) of the FLSA, for their unpaid overtime compensation, plus an additional equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the court.

## COUNT II

### DELAWARE WAGE PAYMENT AND COLLECTION LAW

24.     Plaintiffs repeat and incorporate by reference the allegations set forth above.

25.     By failing to pay plaintiffs their promised wages for all hours worked and by failing to pay them one and one-half times their usual hourly wage for each hour in excess of 40 hours per week, defendants are liable to plaintiffs pursuant to the Delaware Wage Payment and Collection law, 19 Del. C. §§ 1101, et seq.  Defendants are thereby liable for actual and liquidated damages to their employees, plus interest, costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the court.

## COUNT III

### DELAWARE MEAL-BREAK LAW

26.     Plaintiffs repeat and incorporate by reference the allegations set forth above.

27.     Pursuant to 19 Del. Code § 707, employers such as Mountaire must provide 30-minute meal breaks to employees working 7½ or more consecutive hours.

28.     Plaintiffs and their class have uniformly worked 7½ hours or more without receiving a full lunch break.

29.     By failing to honor this law, defendants have violated this statute and are thereby liable to plaintiffs for damages up to $5,000 for each violation.

### PRAYER FOR RELIEF

WHEREFORE, the plaintiffs request that this court:

a.     Enter a declaratory judgment that defendants violated plaintiffs' rights under the FLSA and Delaware law including the Wage Payment and Collection Law;

b.     Enjoin defendants to comply with all applicable federal and state wage laws;

c.     Award each plaintiff his unpaid wages plus liquidated damages as required by the FLSA and state law;

d.     Award the plaintiffs their attorneys' fees, expenses, and all costs of prosecution incurred in this action, as provided in 29 U.S.C. § 216(b) and 19 Del. C. § 1113; and

e.     Grant such other and further relief as the court may deem just and proper.

C. Christopher Brown (Fed. Bar No. 01043)
Deborah Thompson Eisenberg (Fed. Bar. No. 23022)
BROWN, GOLDSTEIN & LEVY, LLP
120 E. Baltimore St., Suite 1700
Baltimore, MD  21202
(410) 962-1030

*Attorneys for Plaintiffs*

Date:  January 17, 2006

6

**CONSENT TO BE PLAINTIFF IN FAIR LABOR STANDARDS CASE**

I am a current or former employee of Mountaire Farms at its _____

plant.  I hereby give my consent to be a plaintiff in the Fair Labor Standards Act case against

Mountaire concerning, among other issues, its failure to pay me overtime wages.

AGREED:     DATE: _____

Name: _____

Signature: _____

Address: _____

_____

_____

City            State            Zip


**CONSENTIMIENTO PARA SER UN DEMANDANTE
EN EL CASO DE ESTÁNDARES DE NORMAS LABORALES JUSTAS**

Soy un empleado corriente o desempleado de Mountaire Farms en su planta _____.

Yo por la presente doy mi consentimiento para ser un demandante del Acto de Estándares de

Normas Laborales Justas en el caso en contra de Mountaire concerniendo, entre otros asuntos, su

falta de pago de sueldos de tiempo extra.

ACORDADO:     FECHA _____

Nombre: _Luisa E. Perez_

Firma: _____

Dirección: _____

_____

_____

Ciudad          Estado          Codigo Postal

## CONSENT TO BE PLAINTIFF IN FAIR LABOR STANDARDS CASE

I am a current or former employee of Mountaire Farms at its ___NO___

plant.  I hereby give my consent to be a plaintiff in the Fair Labor Standards Act case against

Mountaire concerning, among other issues, its failure to pay me overtime wages.

AGREED:      DATE: 12|22|05

Name: Elvin Francisco Gonzalez Osorio

Signature: Elvin F Gonzalez O

Address: P. O Box 855

_____

Selbyville   Del        19975

City          State         Zip


## CONSENTIMIENTO PARA SER UN DEMANDANTE
## EN EL CASO DE ESTÁNDARES DE NORMAS LABORALES JUSTAS

Soy un empleado corriente o desempleado de Mountaire Farms en su planta __NO__ .

Yo por la presente doy mi consentimiento para ser un demandante del Acto de Estándares de

Normas Laborales Justas en el caso en contra de Mountaire concerniendo, entre otros asuntos, su

falta de pago de sueldos de tiempo extra.

ACORDADO:    FECHA 12/22/05

Nombre: Elvin Francisco Gonzalez Osorio

Firma: Elvin F Gonzalez O

Dirección: P. O Box 855

_____

Selbyville   Del        19975

Ciudad       Estado        Codigo Postal